IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, | ) | CR 12-08-H-DLC |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CHRISTOPHER WAYNE WILLIAMS, DANIEL JAMES NICHOLS, | ) | |
| Defendants. | ) | |

Defendant Christopher Wayne Williams has filed a Motion to Dismiss for violation of the Guarantee Clause, Article IV, § 4 of the United States Constitution. (Doc. 38) Defendant Nichols joined this motion on August 1, 2012. (Doc. 79) The United States filed Motions in Limine Regarding Medical Marijuana Issues on May 9, 2012. (Doc. 35) The Motion to Dismiss will be denied because the Guarantee Clause is not justiciable in cases brought by private citizens and because the United States' prosecution in this case does not violate the Guarantee Clause. The Motions in Limine will be granted in part and denied in part as set forth below.

1

**I. Background**

Defendants were charged with offenses related to the manufacture and distribution of marijuana, as well as firearms charges. The charges allege conduct that occurred at least in part in the context of a medical marijuana dispensary established during the effective period of the Montana Medical Marijuana Act ("MMMA"), which was passed by voter initiative in 2004 and superseded by a revised law, known as the Montana Marijuana Act ("MMA"), in 2011. The Court previously discussed the intersection of federal and State law regarding marijuana manufacture and distribution in detail in *United States v. Washington, et al.*, CR 11-61-M-DLC. Many of the concepts addressed in *Washington* also apply to this case, although the arguments here are more narrow and focus primarily on the Guarantee Clause.

Defendants Williams, Lindsey, and Nichols are charged in Count I of the Superseding Indictment (doc. 6) with conspiracy to manufacture and distribute more than 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II alleges Defendants manufactured more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). Counts III and IV allege Defendants possessed with intent to distribute more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). Counts V-VIII allege Defendants possessed firearms during a drug

trafficking offense in violation of 18 U.S.C. § 924 (c). The Indictment also includes forfeiture allegations against Defendants. Count IX has been dismissed upon motion of the United States. (Doc. 109) Defendant Lindsey entered a guilty plea to the Superseding Information (doc. 98) on September 6, 2012 (doc. 115)

Defendant Williams moved to dismiss Counts I-IV of the Indictment and the forfeiture allegations, arguing the United States' prosecution against him violates the Guarantee Clause of the United States Constitution. (Doc. 38) Defendant Nichols joined the Motion to Dismiss. (Doc. 79) The motion will be denied.

## II. Motion to Dismiss

### A. Justiciability of Guarantee Clause

The Guarantee Clause directs the federal government to "guarantee to every State in this Union a Republican Form of Government." U.S. Const. Art. IV, § 4. "[T]he Guarantee Clause has been an infrequent basis for litigation throughout our history. In most of the cases in which the [United States Supreme] Court has been asked to apply the Clause, the Court has found the claims presented to be nonjusticiable under the 'political question' doctrine." *New York v. U.S.*, 505 U.S. 144, 184 (1992). This general rule of nonjusticiability applies more clearly to private individuals than to States. *Id.* at 184-185; *Luther v. Borden*, 48 U.S. 1 (1849); *Travis v. Reno*, 163 F.3d 1000, 1007 (7th Cir. 1998). "No sensible person

believes that the supremacy clause, which explicitly binds states to federal law, contradicts the guarantee clause and thereby puts the Constitution at war with itself." *Travis*, 163 F.3d at 1008.

Defendants' Guarantee Clause argument is almost certainly not justiciable. Defendants are private citizens challenging their prosecution under the Controlled Substances Act as violative of the Guarantee Clause, essentially arguing the *Ogden Memo* wrongfully influenced the Montana legislative process and led them to believe their distribution of marijuana would go unpunished. (Doc. 60 at 27.) Defendants have not provided any authority suggesting this issue can be resolved by the courts rather than the legislative or executive branches. Defendants' reliance on *New York v. U.S.* is unavailing.

In *New York*, the state of New York challenged federal regulations requiring States to either dispose of low-level radioactive waste within the state or enter regional compacts to do so. *New York*, 505 U.S. at 150-151. The regulations provided financial incentives to states who complied, denied access to noncomplying states, and required noncomplying states to take title of the waste as a penalty. *Id.* at 152-154. The Court held the financial incentives and denial of access regulations were permitted under the Spending and Commerce Clauses in Article I, § 8 of the United States Constitution. *Id.* at 173-174. However, the take

title regulation violated the 10th Amendment because it forced the states to comply with federal regulations or take title to radioactive waste. *Id.* at 175-176.

Analyzing the two constitutional regulations under the Guarantee Clause, the Court first questioned whether it could decide such a challenge, noting some courts have gone so far as to hold that "violation of the great guaranty of a republican form of government in States cannot be challenged in the courts." *Id.* at 184, (quoting *Colegrove v. Green*, 328 U.S. 549, 556 (1946). Even "indulging the assumption that the Guarantee Clause provides a basis upon which a State or its subdivisions may sue to enjoin the enforcement of a federal statute" New York did not prevail because the regulations presented a "legitimate choice rather than issuing an unavoidable command." *New York*, 505 U.S. at 185-186.

Defendants Williams and Nichols are private citizens challenging their prosecution under a federal criminal statute because federal officials issued statements Defendants say led them to believe they could violate federal law without fear of prosecution. Defendants do not provide any authority suggesting private citizens can raise Guarantee Clause claims. Defendants' motion will be denied because the issue raised is not justiciable.

### B. Guarantee Clause is Not Violated

Even if Defendants' Guarantee Clause claim was justiciable, Defendants'

prosecution does not violate it. In *New York*, federal regulations that conditionally excluded states from radioactive waste dumping sites did not violate the Guarantee Clause because the regulations did not deny the states a republican form of government. *Id.* at 185. "The States thereby retain the ability to set their legislative agendas; state government officials remain accountable to the local electorate." *Id.* The regulations posed no risk of altering New York's governmental functioning because the State retained a legitimate choice in whether to comply. *Id.* at 186.

Defendants' prosecution in no way violates the Guarantee Clause. The Controlled Substances Act prohibits the intrastate manufacture, possession, and distribution of marijuana under the Commerce Clause of the United States Constitution. *Gonzales v. Raich*, 545 U.S. 1, 22 (2005). The federal government has not placed any limitations or regulations on the State of Montana's legislative process regarding medical marijuana. In fact, there is a case pending before the Montana Supreme Court regarding the constitutionality of the MMA enacted in 2011 by the Montana Legislature. See *Montana Cannabis v. State*, DA 11-0460. The Defendants' prosecution does not compel the State of Montana to do anything or threaten any federal funds. No violation of the Guarantee Clause exists in this case.

**III. Motions in limine regarding evidence of Montana's medical marijuana law, compliance with that law, and the defense of mistake of law (Doc. No. 35)**

The United States has filed a motion in limine seeking to preclude Defendant Williams from introducing evidence of Montana's medical marijuana program for the purpose of establishing the defenses of medical necessity, mistake of law, advice of counsel, or estoppel.

Permitting the government to prosecute the case without any mention of medical marijuana would create an artificial and confusing picture for the jury. Given the factual context in which these allegations arise, it is unreasonable to expect that the evidence can be presented at trial without the occasional reference to facts associated with the medical marijuana trade such as caregivers, cardholders, patients, storefronts, grow operations, business documents, etc. The Court will not impose an absolute prohibition on such references where they arise in the context of the evidence. However, as Defendants are charged with a federal crime, evidence concerning the Montana Medical Marijuana Act, any compliance with state law, or any beliefs about the legality of medical marijuana under state law is irrelevant under Fed. R. Evid. 403. If non-legal medical marijuana evidence about the offense conduct or investigation would be helpful to the jury, is relevant, does not violate Rule 403 or any other rule of evidence, and is admitted for some

reason other than establishing a defense precluded by this order, it is admissible. Any questions regarding what evidence is permissible should be raised with the Court outside the presence of the jury.

Based on the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss (doc. 38) is DENIED.

IT IS FURTHER ORDERED the Government's Motions in Limine regarding medical marijuana issues (doc. 35) is GRANTED in part and DENIED in part as set forth herein.

Dated this 11th day of September, 2012.

_____
Dana L. Christensen, District Judge
United States District Court